UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **TERESA D. BARRETT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 3:09-0828 |
| ) | Judge Echols |
| **STATE OF TENNESSEE and TOM** ) | |
| **MINER,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM and ORDER

The plaintiff, a resident of Smartt, Tennessee, brings this action under 42 U.S.C. § 1983. The plaintiff has submitted an application to proceed *in forma pauperis*. (Docket Entry No. 2).

It appears from the plaintiff's application that she cannot afford to pay the filing fee. Therefore, the plaintiff's application is (Docket Entry No. 2) is **GRANTED**. The Clerk shall **FILE** the complaint *in forma pauperis*. 28 U.S.C. §§ 1915(a).

The plaintiff has filed the following documents, in addition to her application to proceed *in forma pauperis*: 1) a copy of a motion filed in the Warren County Circuit Court on September 8, 2009 captioned "MOTION: CHANGE OF VENUE WITHDRAWAL INDICTMENT DISMISSAL; APPOINT COUNSEL WITH VENUE" (Docket Entry No. 1);[1] and 2) an application for membership on the district court's Civil Appointment Panel in § 1983 actions (Docket Entry No. 3). The plaintiff has not filed a complaint. However, it appears from the accompanying civil cover

---

[1] The following additional documents are attached as exhibits to Docket Entry No. 1: 1) a motion filed on June 22, 2009 in the Warren County General Sessions Court captioned"MOTION: DISMISSALS RESTITUTION PLACED"; and 2) a copy of a note dated July 7, 2009 addressed to defendant Miner from the plaintiff, with attached copies of pharmacy receipts and canceled checks, a copy of a criminal summons, copies of two arrest warrants, an undated note to the plaintiff from someone named Dwight Taylor, a Schedule F bankruptcy form, an Order from the United States Bankruptcy Court for the Eastern District of Tennessee (the Bankruptcy Court), a Notice entered by the Bankruptcy Court, a copy of an e-mail, and a Notice of lawsuit and request to waive service of a summons against Tom Miner.

sheet, and notice of this lawsuit against Tom Miner, noted *supra* at p. 1 n. 1, that the actual defendant to this action is Tom Miner, whom the plaintiff identifies on her civil cover sheet as an "agent" of the Warren County District Attorney's Office. In fact, defendant Miner is an Assistant District Attorney (ADA) for the 31st Judicial District, in McMinnville.

Venue in this action is governed by 28 U.S.C. § 1391(b). Section 1391(b) requires that an action be brought only in: 1) a judicial district where any defendant resides, if all defendants reside in the same state; 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or 3) a judicial district in which defendants are subject to personal jurisdiction at the time that the action is commenced, if there is no district in which the action may otherwise be brought.

The plaintiff notes on her civil cover sheet that ADA Miner resides in Warren County. Warren County is in the Eastern District of Tennessee. 28 U.S.C. § 123(a)(4). It also is apparent from all of the documents filed in this case that the events that gave rise to this action all occurred in Warren County. Thus, under § 1391(b)(1) and (2) venue in this matter lies in the Eastern District of Tennessee.[2]

Under other circumstances, the Court would transfer this action to the Eastern District of Tennessee for further disposition. However, the documentation before the Court is devoid of any factual allegations that would support a claim against anyone under § 1983.[3] Although the plaintiff writes "malicious prosecution" on her civil cover sheet, there is nothing in the record before the

---

[2] The plaintiff notes on her civil cover sheet that she is invoking 28 U.S.C. 1404(a), apparently in an effort to justify having brought this action in this district. Section 1401(a) provides that, "[f]or the convenience of the parties and witnesses, in the interest of the justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1401(a) gives the district court the authority to transfer venue; it does give a civil litigant the right to bring an action in the wrong district.

[3] The only hint as to the grounds for this action are noted on the civil cover sheet.

Court that would support such a claim. Given the absence of any factual allegations that ADA Miner acted outside the scope of his prosecutorial duties as an advocate for the State, ADA Miner is entitled to absolute immunity from suit.

In addition to the fact that the record is utterly devoid of factual allegations, the only demand for relief is to be found – once again – on the plaintiff's civil cover sheet. There, the plaintiff demands that an unidentified "former case" be reopened. To the extent that the case to which the plaintiff refers is a state action, the district court does not have the authority to direct the state to reopen any case. To the extent that the case to which the plaintiff refers is the bankruptcy action reflected in the attached documentation, the United States District Court for the Middle District of Tennessee does not have the authority to direct the United States Bankruptcy Court for the Eastern District of Tennessee to reopen one of its cases.

The district court has the authority to dismiss "a case laying venue in the wrong division or district . . . ." 28 U.S.C. § 1406(a). Accordingly, this action is **DISMISSED** without prejudice to whatever relief the plaintiff may be entitled upon filing in the proper Court. *Id.* Because an appeal from the judgment rendered herein would **NOT** be taken in good faith, the plaintiff is **NOT** certified to pursue an appeal *in forma pauperis.* 28 U.S.C. § 1915(a)(3).

Entry of this Order shall constitute the judgment in this action.

It is so **ORDERED.**

                                                         Robert L. Echols
                                                         United States District Judge